**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000383
30-JUN-2015
08:49 AM**

NO. CAAP-14-0000383

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ARTHUR TAKEI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-13-04017)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Arthur Takei appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on December 27, 2013, in the District Court of the First Circuit, Honolulu Division ("District Court").[1] The District Court dismissed without prejudice a September 23, 2013 Complaint charging Takei with Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawaii Revised Statutes § 291E-61(a)(1) and/or (3). On appeal, Takei argues that the District Court's decision to dismiss the case without prejudice was erroneous, and specifically that it was error to do so without issuing findings of fact in support.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised, and the relevant statutory and case law, we resolve Takei's points of error as follows:

---

[1]    The Honorable Paul B. K. Wong presided.

The State concedes that the District Court erred in failing to issue findings of fact and maintains that the case should be remanded on that basis, but it argues that the court did not abuse its discretion by dismissing the case without prejudice. The State's concession notwithstanding, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" *State v. Veikoso*, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting *State v. Hoang*, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" *Hoang*, 93 Hawai'i at 336, 3 P.3d at 502 (quoting *Territory v. Kogami*, 37 Haw. 174, 175 (Haw. Terr. 1945)) (internal quotation marks omitted).

The District Court based its dismissal on the State's inability to comply with the speedy-trial time limits set forth in Hawai'i Rules of Penal Procedure ("HRPP") Rule 48. Therefore, in evaluating whether the District Court erred in dismissing the charge without, rather than with prejudice, we apply the standards for dismissals under HRPP Rule 48. In *State v. Hern*, 133 Hawai'i 59, 64, 323 P.3d 1241, 1246 (App. 2013), this court held that "in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the *Estencion* factors,[2] but must also clearly articulate the effect of the *Estencion* factors and any other factor it considered in rendering its decision." (Footnote added.)

In the instant case, the District Court did not state any reason in writing—whether in findings of fact or otherwise—for its decision to dismiss the charge without

---

[2] The "*Estencion* factors" are: "[(1)] the seriousness of the offense; [(2)] the facts and the circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice." *Hern*, 133 Hawai'i at 63, 323 P.3d at 1245 (App. 2013) (brackets in original) (footnotes omitted) (quoting *State v. Estencion*, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981)) (internal quotation marks omitted).

prejudice.[3/]  Therefore, the record on appeal is inadequate to permit our meaningful review of the District Court's exercise of its discretion in dismissing the charge without prejudice.  *See Hern*, 133 Hawai'i at 65, 323 P.3d at 1247; *see also State v. Yi*, No. CAAP-13-0000083, 2013 WL 6223827 (Haw. Ct. App. Nov. 27, 2013) (vacating and remanding for entry of findings).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on December 27, 2013, in the District Court of the First Circuit, Honolulu Division is vacated and the case is remanded with instructions that the District Court:  (1) consider the *Estencion* factors in determining whether to dismiss Takei's OVUII charge with or without prejudice; and (2) make findings that clearly articulate the effect of the *Estencion* factors and any other factor considered in rendering its decision.

DATED:  Honolulu, Hawai'i, June 30, 2015.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3/]    Rather, the District Court stated orally that its decision to dismiss the complaint without prejudice was "based on the representations of counsel" without identifying the representations that it relied upon.